Dear Mr. Wimberly:
I am in receipt of your request for an Attorney General's opinion on behalf of the Jefferson Parish District Attorney. You seek an opinion as to whether the Jefferson Parish District Attorney can contribute to the funding of the Jefferson Coalition for Alternative Schools (Charter School). You have indicated that the purpose of this school is to provide counseling and vocational training for middle school students who have been suspended from the public school system. By telephone you have indicated that this school is part of the public school system. You are concerned with the legality of such a contribution by the District Attorney based on La. Const. Art. 7, § 14 which prohibits the donation of any funds to or for any person, association, or corporation, public or private.
La. Const. Art. 7, § 14(A) provides the following:
 Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
The Supreme Court has interpreted Art. 7, § 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so.City of Port Allen v. Louisiana Municipal Risk ManagementAgency, 439 So.2d 399 (La. 1983).
As discussed in Attorney General Opinion No. 96-109:
 The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. In James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), the court interpreted La. Const. (1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14(A). Therein, the court stated:
 "These specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public funds by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important government functions." 113 So.2d at p. 93.
La. Const. Art. 7 § 14(B) provides certain exceptions to the prohibition contained in Sec. 14(A) and states the following in pertinent part:
 Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; . . .
Although a contribution or grant to a charter school to provide counseling and vocational training for middle school students who have been suspended from the public school system appears to be for a worth while cause, it cannot be characterized as "needy". As discussed in Attorney General Opinion No. 94-157, the term "needy" typically has been interpreted as impoverished or indigent. Also, see Attorney General Opinion Nos. 87-587, 96-109 and 92-543, which are attached.
Article 7, § 14(C) of the Louisiana Constitution states the following concerning a cooperative endeavor:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
The author of Attorney General Opinion 95-109 opined:
 Paragraph (C) of Section 14 authorizes the state and its political subdivisions (i.e., the city) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A). City of Port Allen v. Louisiana Risk Management, et al, 439 So.2d 399 (La. 1983) and Attorney General Opinion No. 90-651.
As stated in Attorney General Opinion 96-291:
 The jurisprudence and prior opinions of this office have recognized a threefold test for cooperative endeavors to be deemed valid under our Constitution. The expenditure or transfer of public funds or property must be based on a legal obligation or duty (i.e., a valid statute, ordinance, charter or contract). The expenditure must also be for a public purpose. Finally, the expenditure must create a public benefit proportionate to its cost (i.e., the amount expended). Beard-Poulan, Inc. v. Department of Highways, 362 F. Supp. 547 (W.D. La. 1973) and Attorney General Opinion Nos. 93-787, 92-222, 92-127 and 90-651. In our opinion, cooperative endeavor agreements are constitutionally sanctioned as long as the agreements meet this three part test.
A review of Art 5, § 26 of the Louisiana Constitution, LSA-R.S. 16:1 and La. C.Cr.P. Art. 61 imposes no legal duty on the District Attorney to set up counseling and vocational training for middle school students who have been suspended from the public school system. Therefore, Article 7 § 14 would prohibit the donation of any funds directly or by a cooperative endeavor to the Jefferson Coalition for Alternative Schools for counseling and vocational training for middle school students who have been suspended from the public school system.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
Attachments
RECEIVED: October 14, 1997BRRECEIVED: October 29, 1997SHRELEASED:
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL
State of Louisiana
Opinion No. 87-587
September 8, 1987
90-A-2 PUBLIC FUNDS, GRANTS OR LOANS — General discussion of Article 7 Section 14 of the Louisiana Constitution of 1974.
Art. 7, Sec. 14, Art. 7, Sec. 14 (b)
Mr. Kern A. Reese, Chairman Board of Commissioners Regional Transit Authority Suite 1600 Ten-O-One Howard Bldg. New Orleans, LA. 70113